UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-CV-81302-ROSENBERG/BRANNON

SUMMERLIN ASSET MANAGEMENT V TRUST,

    Plaintiff,

v.

JAMES JACKSON, JR. and THERESA ANITA
BUTTS JACKSON,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS MATTER** is before the Court on Plaintiff's Motion for Partial Summary Judgment [DE 36] ("the Motion"). The Motion has been fully briefed by both sides. The Court has reviewed the documents in the case file and is otherwise fully advised in the premises.

Plaintiff holds the promissory note and mortgage for Defendants' loan on real property located in Lake Worth, Florida. Plaintiff filed the instant action bringing claims of foreclosure (Count I), breach of promissory note (Count II), and reformation of the mortgage (Count III). Plaintiff has moved for partial summary judgment on Counts I and III. Because the Court finds that Defendants' affirmative defenses lack merit, and Plaintiff is otherwise entitled to summary judgment with respect to Count I, Plaintiff's Motion is granted as to that count. The Court cannot discern what relief Plaintiff is requesting as to Count III, and the Motion is consequently denied with respect to that count.

1

## I. BACKGROUND

### A. Initial Mortgage

On or about February 27, 2007, Defendants executed and delivered a Note in the principal amount of $200,000.00 ("the Note") and a Mortgage ("the Mortgage," and, together with the Note, "the Loan Documents") securing payment of the Note to Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as a nominee for the lender, People's Choice Home Loan, Inc. *See* DE 36 Ex. 1 at 1–5 (Note), 6–25 (Mortgage). The Mortgage was recorded on March 12, 2007, in Official Records Book 21502, at Page 1741, of the Public Records of Palm Beach County, Florida. *Id.* at 6. The Mortgage was for real property located at 3816 Patio Court, Lake Worth, Florida 33461. *Id.* at 1; *see also id.* at 25 (legal description of the property).

### B. Assignments

The Mortgage was assigned a number of times. On May 4, 2010, MERS assigned the Mortgage to JPMorgan Chase Bank, National Association ("Chase"). DE 36 Ex. 2. The assignment to Chase was recorded on June 1, 2010. *Id.* On May 24, 2013, Chase assigned the Mortgage to Bayview Loan Servicing, LLC ("Bayview"). DE 36 Ex. 3. The assignment to Bayview was recorded on June 3, 2013. *Id.* On December 10, 2013, Bayview assigned the Mortgage to Summerlin Asset Management V Trust, U.S. Bank Trust National Association, as Trustee. DE 36 Ex. 4. The assignment was recorded on March 19, 2014. *Id.* On July 16, 2014, Summerlin Asset Management V Trust, U.S. Bank Trust National Association, as Trustee assigned the Mortgage to Plaintiff, Summerlin Asset Management V Trust ("Plaintiff" or "Summerlin"). DE 36 Ex. 5. The assignment to Plaintiff was recorded on August 13, 2014. *Id.*

### C. Defendants' Default

On September 11, 2014, Plaintiff sent a "Demand Letter – Notice of Default" to Defendants, informing them that the Note and Mortgage went into default on January 1, 2010, due to Defendants' failure to make payments as required by the Note. DE 36 Ex. 6 at 1. Defendants' indebtedness is supported by the "Affidavit of Indebtedness in Support of Entry of Summary Final Judgment of Foreclosure," DE 36 Ex. 7, signed by JoAnne Abbatecola, the Supervisor of the Foreclosure and Bankruptcy Unit in the Specialty Loan Servicing Department at FCI Lender Services, Inc. ("FCI"), Plaintiff's loan servicer for Defendants' loan. *Id.* ¶ 1. Ms. Abbatecola swears that Defendants defaulted on their loan in January of 2010 and have since failed to make any payments on the loan. *Id.* ¶ 7. Accordingly, Defendants are indebted to Plaintiff in the principal amount of $195,592.33. *Id.* ¶ 8. Ms. Abbatecola confirms that Plaintiff owns and holds the original Note and Mortgage. *Id.* ¶ 9.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247–48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247–48).

In deciding a summary judgment motion, the Court views the facts in the light most

favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343.

### III.   DISCUSSION

Plaintiff has sought summary judgment on its foreclosure (Count I) and reformation (Count III) claims only. With respect to Count I, and for the reasons discussed below, the Court finds that Plaintiff has met its burden and is entitled to summary judgment in its favor on that count. Because the Court cannot discern what relief Plaintiff is requesting with respect to Count III, summary judgment as to that count is denied.

#### A.   Foreclosure (Count I)

Plaintiff's possession of the original note, indorsed in blank, is sufficient under Florida's Uniform Commercial Code to establish that it is the lawful holder of the note, entitled to enforce its

terms. *See, e.g.*, *Riggs v. Aurora Loan Servs., LLC*, 36 So. 3d 932, 933 (Fla. Dist. Ct. App. 2010). The note is a negotiable instrument subject to the provisions of Chapter 673, Florida Statutes. *See* Fla. Stat. § 673.1041. An indorsement requires a signature; in this regard, the hand-printed signature of Dana Lantry, the assistant vice president of the original lender, People's Choice Home Loan, Inc., suffices. *See* Fla. Stat. §§ 673.2041(1); 673.4011(2); 673.4021; DE 36 Ex. 1 at 5. The indorsement in this case was not a "special indorsement," because it did not "identif[y] a person to whom" it made the note payable. Fla. Stat. § 673.2051(1). Rather, it was a "blank indorsement" payable to the bearer, allowing the note to be negotiated by transfer of possession alone. *See* Fla. Stat. § 673.2015(2); DE 36 Ex. 1 at 1–5. Although Plaintiff has set forth a valid chain of assignments, the negotiation of the blank-indorsed note by transfer of possession *alone* makes Plaintiff the "holder" of the note entitled to enforce it. *See* Fla. Stat. §§ 673.2011, 673.3011. Plaintiff attached the Loan Documents to its original Complaint. *See* DE 1 Ex. 2. Thus, Plaintiff had standing to foreclose at the time the Complaint was filed. *See McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. Dist. Ct. App. 2012).

There is no issue of authentication. Defendants have not argued that the note at issue was not the one executed in the underlying mortgage transaction. With respect to the authenticity of the indorsement, the note was self-authenticating. "Commercial papers and signatures thereon and documents relating to them [are self-authenticating], to the extent provided in the Uniform Commercial Code." Fla. Stat. § 90.902(8). Under the Uniform Commercial Code, "[i]n an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings." Fla. Stat. § 673.3081(1). Nothing in the pleadings placed the authenticity of the signatures to the Loan Documents at issue.

Plaintiff is entitled to foreclosure under the terms of the Mortgage. In paragraph 22, the Mortgage states, in bold font:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

DE 36 Ex. 1 at 19. For the Court to grant summary judgment in favor of Summerlin on the foreclosure claim, then, the Court must determine: (1) Defendants defaulted; (2) Summerlin gave Defendants proper and timely notice of the default under the terms of the mortgage; (3) Defendants failed to cure the default, which resulted in a proper acceleration of the Mortgage; (4) Summerlin's interest in the Loan Documents is the superior interest; and (5) none of Defendants' affirmative defenses operate to bar such a judgment.

Although Defendants deny that they defaulted on the Mortgage in their Answer, Summerlin has set forth evidence that they did, in fact, default on the Mortgage. *See* DE 36 Ex. 7 ¶ 7 (affidavit of JoAnne Abbatecola). Defendants have not presented any evidence to the contrary. Summerlin has also provided the Court with a proper and timely notice of the default that was sent to Defendants. *See* DE 36 Ex. 6. The "Demand Letter—Notice of Default" was sent to Defendants on September 11, 2014 ("the Notice of Default" or "Notice"). As required by the terms of the

6

Mortgage, it identifies the defaults (including the January 1, 2010 non-payment); the action required to cure the defaults (payment of $91,935.36); a date, no less than 30 days from the date the Notice was given, by which the default must be cured (within 35 days of the date of the letter); and that failure to cure the default on or before the date specified in the Notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. DE 36 Ex. 6 at 1–2. The Notice also explains that Defendants "have the right to reinstate the Loan after acceleration" and "the right to assert in any foreclosure proceeding the non-existence of a default or any other defense . . . ." *Id.* at 2. Thus, the Notice sent complies with the requirements of the Mortgage. Defendants have not argued that Plaintiff's interest in the Loan Documents is inferior to theirs, or that of any other individual or entity.

Thus, Plaintiff has satisfied the terms of the Mortgage and will be entitled to summary judgment on Count I if none of Defendants' affirmative defenses apply, an issue discussed *infra* in Part III.B. Plaintiff is also entitled, under the terms of the Mortgage, "to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence." DE 36 Ex. 1 at 19.

### B. Defendants' Affirmative Defenses

Defendants raise nine affirmative defenses, all of which pertain, for purposes of this Motion, to Count I of Plaintiff's Amended Complaint. For the reasons discussed below, none of these affirmative defenses will operate to preclude an entry of judgment in Plaintiff's favor on Count I.

#### i. First Affirmative Defense

Defendants' first affirmative defense invokes the protections of Florida Statute section 559.715, a provision of the Florida Consumer Collection Practices Act ("FCCPA") which states

that the assignee of a debt "must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt." Defendants argue that "[a]fter each of the alleged assignments, the required notice was not given to the defendants," and that summary judgment should be denied for that reason. DE 24 at 2. Plaintiff argues that compliance with Florida Statute section 559.715 is not a condition precedent to the commencement of a mortgage foreclosure action. DE 36 at 8.

The Court agrees with Plaintiff. Defendants have not cited, and the Court has been unable to find, any case law that supports Defendants' position. Federal district courts in Florida have held that "the purpose and intent of the FCCPA, like the [federal Fair Debt Collection Practices Act ("FDCPA")], is to eliminate abusive and harassing tactics in the collection of debts. It is not meant to preclude a creditor or someone otherwise holding a secured interest from invoking legal process to foreclose." *Trent v. Mortgage Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1361 (M.D. Fla. 2007) *aff'd*, 288 F. App'x 571 (11th Cir. 2008). Florida state courts have agreed, and state court decisions on this exact issue have agreed with Plaintiff's position. *See, e.g.*, *Am. Home Mortg. Servicing, Inc. v. Zapico*, No. 11-CA-16648, 2014 WL 5700879 (Fla. Cir. Ct. July 30, 2014); *U.S. Bank, Nat'l Ass'n v. Lord*, No. 12-7707-CI-07, 2014 WL 3674680 (Fla. Cir. Ct. July 10, 2014). Accordingly, failure to comply with Florida Statute section 559.715 will not bar Plaintiff's mortgage foreclosure causes of action.

### ii. Second Affirmative Defense

In their second affirmative defense, Defendants argue that Plaintiff has not alleged any facts indicating it received the underlying note by proper transfer. DE 24 at 2. Defendants contend that Plaintiff has not complied with a number of statutory conditions with respect to the note's transfer. *See id.* (citing Fla. Stat. § 673.2031). Plaintiff argues that none of the conditions

8

mentioned by Defendants are required by the statute, and that in any case, "[i]t is well established in Florida that possession of an original promissory note, endorsed in blank, is sufficient to establish one is the lawful holder of a note and entitled to enforce the same." DE 36 at 8.

Again, the Court agrees with Plaintiff. The original adjustable rate note signed by Defendants is endorsed in blank; the last page contains a signature of the original lender's assistant vice president, along with the language "pay to the order of" without an indorsee's name written. *See* DE 36 Ex. 1 at 1–5; Fla. Stat. § 673.2051(1)–(2) & cmt. 2. "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." Fla. Stat. § 673.2051(2); *see also Riggs v. Aurora Loan Servs., LLC*, 36 So. 3d 932 (Fla. Dist. Ct. App. 2010). Defendants have come forth with no evidence that the instrument was later specially endorsed.[1] Accordingly, Defendants' second affirmative defense will not preclude summary judgment.

### iii. Third Affirmative Defense

Defendants' third affirmative defense states that the action is barred by the statute of limitations contained in Florida Statute section 95.11(2)(c), which states that actions to foreclose a mortgage must be commenced within five years. DE 24 at 2. Defendants concede that the Complaint, which was filed on October 23, 2014, is premised upon a default that occurred on January 1, 2010. DE 40 at 5; *see also* DE 16 ¶ 13. Defendants argue that the statute of limitations has expired, because two suits were previously brought to foreclose on the property after a September 1, 2009 default: "[c]onsequently, as the instant action was filed October 24, 2014 [*sic*], the filing occurred more than five years from the sworn date of default and therefore § 95.11(2)(c) precludes the filing of this action." DE 40 at 5. Defendants cite *Deutsche Bank Trust Co. Americas v. Beauvais*, No. 3D14-575, 2014 WL 7156961, at *1 (Fla. Dist. Ct. App. Dec. 17, 2014), in

---

[1] The Court notes that Defendants did not respond to this argument in their Response, effectively conceding the point.

9

support of this proposition. Plaintiff argues that the action was filed within five years of the relevant default and should not be precluded, citing cases such as *Evergrene Partners, Inc. v. Citibank, N.A.*, 143 So. 3d 954 (Fla. Dist. Ct. App. 2014).

As both parties recognize, a split exists on this issue in the Florida courts. *See Beauvais*, 2014 WL 7156961, at *10 (certifying conflict with *Evergrene*). An "overwhelming amount of authority" supports Plaintiff's position, however, with *Beauvais* essentially the lone exception supporting Defendants' argument. *LNB-017-13, LLC v. HSBC Bank USA*, No. 1:14-CV-24800-UU, 2015 WL 1546150, at *4 (S.D. Fla. Apr. 7, 2015); *see also Beauvais*, 2014 WL 7156961, at *9 (collecting cases). After a careful review of the case law, this Court finds, as the vast majority of state and federal courts in Florida have found, that a mortgagee's prior exercise of its right to accelerate all payments and bring a foreclosure action will not begin the limitations period as to the entire mortgage, just because the prior foreclosure action was voluntarily dismissed without prejudice. *See Evergrene*, 143 So. 3d at 956.

### iv. Fourth Affirmative Defense

Defendants' fourth affirmative defense alleges that the Note is a "legal nullity and cannot be enforced," because interest rate changes must be based upon "objective criteria" and the Note's interest rate changes are based on the six-month LIBOR average. DE 24 at 3; DE 36 Ex. 1. LIBOR, Defendants contend, "is not an objective benchmark" because the LIBOR rate "has been manipulated by the banks, both domestic and foreign." DE 24 at 3. As Plaintiff notes, Defendant cites no case law in support of the proposition that objective criteria must be used to set interest rates. Nor has the Court been able to find any. Defendants' fourth affirmative defense will not bar summary judgment in Plaintiff's favor on Count I.

      **v.**      **Fifth and Seventh Affirmative Defenses**

Defendants' fifth and seventh affirmative defenses allege that certain assignments within the chain are "nullities," based on Defendants' belief on the individuals who signed the assignments were either unauthorized to do so or were not present when the assignment was made. *See* DE 24 at 3. However, as the Court has explained at length above, Plaintiff possesses the original Note endorsed in blank. That is the basis for its standing to foreclose, not an intact chain of assignments. Accordingly, these defenses will not preclude an entry of summary judgment in Plaintiff's favor on Count I.

      **vi.**      **Sixth Affirmative Defense**

Defendants' sixth affirmative defense states, in its entirety, that "[t]he Plaintiff has failed to provide the defendants with a Notice under Paragraph 22 of the Mortgage that complies with that section." DE 24 at 3. The Court has discussed the ways in which the Notice sent by Defendants complies with that paragraph above. As for Defendants' contentions that they never received the Notice, *see generally* DE 45 (affidavit of Theresa Anita Butts Jackson), DE 46 (affidavit of James Jackson, Jr.), paragraph 15 of the Mortgage states that "[a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." DE 36 Ex. 1 at 16. The "Demand Letter – Notice of Default" sent to Defendants and dated September 11, 2014, states that it was sent via first class mail and certified mail. DE 36 Ex. 6.

Moreover, Plaintiff has provided the sworn affidavit of Shannon Derosby, the Vice President of Operations of Summerlin Asset Management, LLC, and the Administrator and agent for Plaintiff, who avers (1) that a Notice of Default was mailed to Defendants on September 11, 2014, via first-class, certified mail, and (2) that on September 17, 2014, Plaintiff received an

11

executed certified mail Return Receipt showing that the Notice of Default was delivered to Defendants on September 15, 2014. *See* DE 44 Ex. 1 ¶¶ 7–8. Ms. Derosby's statements are supported by the attachment of a sales receipt for a first-class mail letter, sent by certified mail, return receipt requested, addressed to Defendant James Jackson, Jr. ("Mr. Jackson") at the address of the subject property and dated September 11, 2014. DE 44 Ex. 1 at 9. Also attached is a return receipt with Mr. Jackson's initials, dated September 15, 2014. DE 44 Ex. 1 at 10. Although Mr. Jackson claims he did not sign the green card, *see* DE 46, this fact is irrelevant under the terms of the Mortgage. There is ample evidence that the Notice of Default was sent to Defendants on September 11, 2014 via first class mail as the Mortgage required.

Finally, in their Amended Response,[2] Defendants present a new take on their sixth affirmative defense, arguing that the letter dated September 11, 2014, does not constitute an acceleration letter because the debt was never "decelerated." DE 48 at 8. However, the most recent foreclosure action (prior to the present action) was voluntarily dismissed without prejudice, DE 40 Ex. 3 at 48, and "voluntary dismissal of a foreclosure action means the payment owed on a note and mortgage is not accelerated," *Romero v. SunTrust Mortgage, Inc.*, 15 F. Supp. 3d 1279, 1283 (S.D. Fla. 2014). *See also Rodriguez v. Bank of Am., N.A.*, 49 F. Supp. 3d 1154, 1158 (S.D. Fla. 2014). Accordingly, Defendants' sixth affirmative defense will not preclude an entry of summary judgment in Plaintiff's favor on Count I.

### vii.     Eighth and Ninth Affirmative Defenses

Defendants' eighth and ninth affirmative defenses relate to Plaintiff's standing, an issue which has been discussed at length above. Plaintiff possesses the original Note endorsed in blank, and as such, it has standing to bring this action.

---

[2] The Court notes that Defendants' Amended Response, which was filed over a month after Plaintiff's Reply and without leave of Court, constitutes an impermissible sur-reply. Nonetheless, in an abundance of caution the Court considers the arguments made therein.

In conclusion, Plaintiff has met its burden to show that there is no genuine dispute with respect to material facts alleged in support of Count I, and as the Court has determined that Defendants' affirmative defenses will not preclude entry of summary judgment in Plaintiff's favor on this count. Thus, Plaintiff is entitled to summary judgment on Count I.

### C. Reformation (Count III)

In Count III, Plaintiff requests reformation of the legal description of the Property included in the Mortgage to correct a scrivener's error. Plaintiff requests that the portion of the description stating "The North 53.93 feet" be changed to "The North 59.93 feet." DE 16 ¶¶ 30–31. However, the legal description of Property included in the Mortgage reads "The North 59.93 feet." DE 36 Ex. 1 at 25. Plaintiff addresses Count III in cursory fashion only in its Motion, and Defendants do not address it all in their Response. Thus, the Court cannot discern what relief Plaintiff is requesting and summary judgment as to Count III is denied.[3]

### IV. CONCLUSION AND RULING

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment [DE 36] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion is granted with respect to Count I and denied with respect to Count III.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida, this 2nd day of July, 2015.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that Plaintiff may always raise the issue at trial. The parties may also stipulate to reformation and present that stipulation to the Court for its consideration if they wish.